IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KATIE CHUBB, et al.,

    Plaintiffs,

      v.

CAYLEE NOGGLE, *Commissioner of the Georgia Department of Community Health*, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:22-CV-3289-TWT

**OPINION AND ORDER**

This is a Section 1983 action. It is before the Court on the Plaintiffs' Motion for Reconsideration or, in the Alternative, for Leave to Amend the Complaint [Doc. 28]. For the reasons set forth below, the Plaintiffs' Motion [Doc. 28] is DENIED.

### I.     Background

This case arises from the denial of a Certificate of Need ("CON") application that the Plaintiff Katie Chubb filed with the Georgia Department of Community Health (the "Department") on behalf of the Plaintiff Augusta Birth Center, Inc. ("ABC") (Compl. ¶ 1–5). ABC is a nonprofit corporation seeking to "provide safe, effective, and affordable childbirth services to Georgia mothers," and Chubb is the executive director and a principal shareholder of ABC. (*Id.* ¶¶ 9–10). This case implicates several state statutes and regulations governing the CON program in Georgia—pertinently, two regulations that

require freestanding birth centers to maintain a transfer agreement with a backup hospital (the "transfer agreement" provisions), and one regulation that requires the absence of an entity providing similar health services in the area (the "existing alternatives" provision). (*See* Doc. 24, at 2–3).

In August 2021, the Plaintiffs submitted their CON application for ABC to the Department, and on December 22, 2021, the Department denied their application. (Compl. ¶¶ 47, 52). The Plaintiffs claim that the Department denied their application "for the sole reason of failing to secure the cooperation of their direct competitors and to secure an emergency transfer agreement." (*Id.* ¶ 52). The Defendants claim that the Department also denied their application based on their failure to comply with three other CON requirements not challenged in the present action.[1] (Br. in Supp. of Defs.' Mot. to Dismiss, at 9). On August 16, 2022, the Plaintiffs filed suit challenging both the transfer agreement and the existing alternatives provisions as facially unconstitutional. They claim that the provisions violate the Ninth Amendment and the Due Process, Equal Protection, and Privileges or Immunities Clauses of the Fourteenth Amendment. (Compl. ¶ 6). On February 24, 2023, the Court

---

[1] The three additional, unsatisfied requirements are (1) a regulation requiring function as part of an established regionalized system of perinatal care, (2) a regulation requiring demonstration of availability of ambulance service agreements, and (3) a regulation requiring that proposed services are reasonably consistent with the relevant general goals and objectives of the State Health Plan. (Doc. 24, at 4 n.4; *see also* ABC's Evaluation for CON, Ga. Dep't Cmty. Health, at 4–5, 10).

granted the Defendants' Motion to Dismiss on the ground that the Plaintiffs lacked standing to challenge the contested CON provisions. The Plaintiffs now move for reconsideration of that Order or, in the alternative, for leave to file an amended complaint.

## II.   Legal Standard

"The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). Although the Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration, they are common in practice. Local Rule 7.2 states that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." N.D. Ga. L.R. 7.2(E). In particular, a party may move for reconsideration when there is (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) the need to correct clear error or prevent manifest injustice. *See Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (11th Cir. 2010). A manifest error of law is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Durden v. State Farm Fire & Cas. Co.*, 2017 WL 3723118, at *6 (N.D. Ga. Aug. 29, 2017) (citation omitted). By contrast, a motion for reconsideration is not a "vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test

whether the Court will change its mind." *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

## III.   Discussion

In support of their Motion for Reconsideration, the Plaintiffs argue that the Court committed manifest errors of law and fact in the Order dismissing their claims for lack of standing. (Br. in Supp. of Pls.' Mot. for Recons., at 1). They claim that reconsideration is appropriate because the Court improperly assumed the Plaintiffs' injury was the denial of their prior CON application and because the Court improperly concluded that the Plaintiffs' prior CON denial was based on other factors in addition to their inability to secure a transfer agreement. (*Id.* at 5). In the alternative, the Plaintiffs request leave to amend their Complaint to add supplemental allegations that substantiate their alleged injury. (*Id.* at 16). The Defendants argue, in response, that reconsideration is inappropriate because the Plaintiffs fail to identify any manifest errors of law or fact and instead merely repeat arguments previously rejected at the motion to dismiss stage. (Defs.' Resp. Br. in Opp'n to Pls.' Mot. for Recons., at 1–2). The Court first addresses the alleged errors and then considers amendment.

### A. Manifest Errors of Law or Fact

In support of their position that the Court erred in dismissing their claims, the Plaintiffs introduce new arguments and rehash old arguments from their brief in opposition to the Defendants' Motion to Dismiss, both of which

4

are inappropriate on a motion for reconsideration. The Plaintiffs challenge the Court's conclusions on both injury in fact and redressability.

### 1. Injury in Fact

Regarding their position that the Court erred in concluding their injury was the denial of their prior CON application, the Plaintiffs cite for the first time *Gratz v. Bollinger*, 539 U.S. 244, 262 (2003), noting that the Supreme Court found a plaintiff maintained standing when prospectively challenging a university's admission criteria where the plaintiff was previously denied. (Br. in Supp. of Pls.' Mot. for Recons., at 8). Here, the Plaintiffs emphasize the prospective nature of their sought relief, arguing that they do not request a reversal of the Department's prior decision and the delivery of a CON. Rather, they contend that "the allegations related to the prior CON denial demonstrate that the challenged transfer agreement provisions are an outright bar to any future application, rendering the alleged future injury concrete and substantial." (*Id.*).

The Supreme Court in *Gratz* acknowledged that injury in fact in an equal protection case challenging policies that draw distinctions along racial lines "is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit." *Gratz*, 539 U.S. at 262 (citing *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 666 (1993)). Courts have, however, limited the standing inquiry in *Gratz* and similar cases to "situations in which a

5

government policy has the effect of imposing a discriminatory burden on some subset of applicants for a government benefit." *See e.g., Vaughn v. Consumer Home Mortg. Co.,* 470 F. Supp. 2d 248, 266 (E.D.N.Y. 2007). Because the CON regulations at issue here do not implicate race, the Court cannot conclude that *Gratz* affords the Plaintiffs standing in the present case. Moreover, if their allegations demonstrate that the transfer agreement provisions operate as an outright bar to their future application, as they contend, their injury is indeed the denial of their CON application, regardless of whether they frame the injury as seeking relief prospectively or retrospectively.

In addition to improperly citing new legal authority, the Plaintiffs also rely on authority previously rejected by the Court for a new proposition. They again cite *Village of Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252, 260–64 (1977), this time in support of their position that they have asserted a cognizable injury warranting prospective relief. (Br. in Supp. of Pls.' Mot. for Recons., at 9–11). *Arlington Heights* supports the Court's conclusion that the Plaintiffs' injury here is the denial (or risk of future denial) of their CON application, and not any injury from being forced to undergo the unconstitutional burden of satisfying the challenged CON requirements. Like the plaintiffs in *Arlington Heights* who sought injunctive and declaratory relief from the denial of a rezoning request, the Plaintiffs here similarly seek injunctive and declaratory relief from the denial of a CON application. Accordingly, the Court finds no error with its earlier conclusion that the

6

Plaintiffs' injury in fact was indeed the denial of their CON application.

### 2. Redressability

The Plaintiffs contend that the Court erred in concluding that the Department previously denied the Plaintiffs' CON based on factors other than their inability to secure a transfer agreement. (Br. in Supp. of Pls.' Mot. for Recons., at 12). First, they cite new authority from the Sixth Circuit, arguing that a plaintiff maintains standing to challenge a regulation that resulted in a prior denial of an application when the plaintiff seeks prospective relief from the future enforcement of that regulation. (*Id.* (citing *Wagner v. City of Garfield Heights*, 675 F. App'x 599, 605 (6th Cir. 2017))). But that authority is distinguishable from the present case because the plaintiff in *Wagner* sought redress from the defendant–city's *threatened* enforcement of one specific ordinance, even though a separate ordinance would have also barred the plaintiff's sign permit application. *Wagner*, 675 F. App'x at 605.

Second, they claim that the Court erred in considering the Department's written decision denying the Plaintiffs' CON application at the motion to dismiss stage because such evidence was outside the Complaint. (*Id.* at 13). But consideration of the Department's decision was proper because it was central to the Plaintiffs' claims and because its authenticity was not contested. (Br. in Supp. of Defs.' Mot. to Dismiss, Doc. 17, at 9 n.3 (citing *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010))).

Finally, the Plaintiffs claim that each failure of the three other criteria in their CON denial was based solely on their inability to secure a transfer agreement and thus that their injury is redressable by a favorable decision on their claims. (Br. in Supp. of Pls.' Mot. for Recons., at 13–15). The Plaintiffs raised this same argument in opposing the Defendants' Motion to Dismiss. (Pls.' Resp. Br. in Opp'n to Defs.' Mot. to Dismiss, at 8). Even if the Department determined that the Plaintiffs failed to satisfy the ambulance service agreement requirement strictly because they failed to secure a transfer agreement, the Department determined that they failed to satisfy the criteria for a regionalized system of perinatal care and for the overall goals of the health plan because they provided insufficient documentation to support their proposal. (*See* ABC's Evaluation for CON, Ga. Dep't Cmty. Health, at 4–5, 10). Accordingly, the Court finds no error with its conclusion that a favorable decision would not redress the Plaintiffs' injury.

### B. Amendment

In the alternative to reconsideration, the Plaintiffs seek leave to amend their Complaint "to substantiate their alleged injury with specific allegations regarding Plaintiffs concrete plan to apply for a Certificate in the future absent the unconstitutional criteria challenged." (Br. in Supp. of Pls.' Mot. for Recons., at 16). But "Rule 15(a) has no application once the district court has dismissed the complaint and entered final judgment for the defendant. Post-judgment, the plaintiff may seek leave to amend if he is granted relief under Rule 59(e)

or Rule 60(b)(6)." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344–45 (11th Cir. 2010) (alteration and citations omitted). Having already found relief under Rule 59(e) to be improper, the Plaintiffs fail to show that amendment of their Complaint is appropriate.

### IV.   Conclusion

For the foregoing reasons, the Plaintiffs' Motion for Reconsideration or, in the Alternative, for Leave to Amend the Complaint [Doc. 28] is DENIED.

SO ORDERED, this ___11th___ day of July, 2023.

THOMAS W. THRASH, JR.
United States District Judge